IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VENT-MATIC COMPANY, LLC, and
AMERAMID, INC.,

      Plaintiffs,

v.

DRAUGHT TECHNOLOGIES, LLC,
BEVERAGE SERVICES, LLC,
BEVERAGE EQUIPMENT INTERNATIONAL, LLC,
and STEVEN SALCEDO,

      Defendants.

ORDER FOR JUDGMENT
AND PERMANENT INJUNCTION

14-cv-902-jdp

---

  Plaintiffs in this patent and trademark infringement suit have filed a motion to approve entry of a consent judgment; plaintiffs represent that defendants do not oppose the motion. Dkt. 35. The court will grant the motion and will order entry of the consent judgment, which includes a proposed permanent injunction. The court has made minor adjustments to the judgment and injunction, primarily to comply with Federal Rule of Civil Procedure 65.

  1. The court has jurisdiction over the subject matter of this action and jurisdiction over plaintiffs and defendants.

  2. The clerk of court will enter judgment in favor of plaintiffs and against defendants on plaintiffs' claims of direct patent infringement (First Amended Complaint Counts I-III), inducement to infringe (First Amended Complaint Count IV), contributory infringement (First Amended Complaint Count V), trademark infringement (First Amended Complaint Count VI), unfair competition (First Amended Complaint Count VII), and breach of contract (First Amended Complaint Counts VIII and IX), and plaintiffs' claims that

defendants have willfully and deliberately committed the respective acts of patent infringement, trademark infringement, and unfair competition.

3. Defendants waive all defenses and counterclaims which have been or could have been raised in this action including all defenses and counterclaims for declaring that plaintiffs' patents and trademarks are invalid or unenforceable for any reason including, but not limited to, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to mitigate damages.

4. Plaintiffs' patents and trademarks identified in the First Amended Complaint—U.S. Patent Nos. 6,457,614; 6,626,420; and 7,077,299; and U.S. Trademark Registration No. 4,474,409—are valid, enforceable, and owned by plaintiffs.

5. Defendants shall, jointly and severally, pay to plaintiff Vent-Matic $16,500.00 (or the outstanding balance of that amount) into plaintiffs' counsel's trust account according to the Schedule of Payment identified on page two of the Settlement Agreement executed by the Parties on October 1, 2015. All other claims by plaintiffs for damages and attorney fees are dismissed with prejudice provided, however, that any such claims shall be preserved with respect to any infringement of, or unfair competition with, the patents and trademarks in suit by any defendant after the date of entry of judgment.

6. Each party is to bear its own costs and attorney fees.

7. Defendants, their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this PERMANENT INJUNCTION, are hereby permanently enjoined (A) from manufacturing, importing, using, offering to sell and selling the Accused Faucet—"Vent-Matic S/S Faucet with 10 mm Spout"—or any other product that infringes any of the

patents-in-suit or inducing another to do so; (B) from directly or indirectly manufacturing, importing, marketing, offering to sell and selling the Accused Faucet, or any confusingly similar devices incorporating a colorable imitation of the VENT-MATIC Mark; (C) from using the names or mark VENT-MATIC or any confusingly similar mark, name, domain name, or colorable imitation thereof in any way which misleads or confuses anyone as to the source, affiliation, or sponsorship of goods or services offered under such marks; (D) from committing any other acts calculated to cause purchasers to believe that defendants' products are plaintiffs', and from competing unfairly with plaintiffs in any manner; and (E) from otherwise infringing the plaintiffs' patents or trademarks in suit.

8. Defendants shall deliver up for destruction all infringing products and manufacturing supplies in defendants' possession or control, which are unauthorized copies of plaintiffs' property, to include shipping the infringing faucets identified above ("the Faucets"), of which there are roughly 2,400 in number, to Bradford G. Amidzich, immediately upon entry of this PERMANENT INJUNCTION.

9. Defendants shall deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the word VENTMATIC or any reproduction, counterfeit, copy, derivative, or colorable imitation of the VENTMATIC Mark, and all plates, molds, screens, or other means of making the same.

10. Defendants shall define the manufacturer by name and facilitate contact and a manufacturing relationship with the manufacturer of the Faucets, identify purchasers and distributors of the Faucets, not take any action or make any statements intended, or reasonably expected, to harm Vent-Matic or its reputation, or the reputation of any of its directors, officers, agents or employees, or which would reasonably be expected to lead to

3

unwanted or unfavorable publicity of Vent-Matic, or any of its directors, officers, agents or employees, and refer potential purchasers of the Faucets to Vent-Matic.

11. Defendants shall remove from all websites that it owns or controls, directly or indirectly, the word VENTMATIC or any reproduction, counterfeit, copy, derivative or colorable imitation of the VENT-MATIC Mark and any variations thereof, and any other marks that are likely to cause confusion with Vent-Matic's trademark.

12. Defendants shall file with this court and serve on plaintiffs within thirty (30) days from the date of this PERMANENT INJUNCTION, a report in writing, under oath, setting forth in detail the manner and form in which the defendants have complied with the terms of this PERMANENT INJUNCTION.

13. This PERMANENT INJUNCTION shall remain in effect until both of the following events occurs: (1) the expiration or express abandonment of plaintiffs' patents in suit and (2) the expiration or express abandonment of plaintiffs' trademarks in suit.

14. This judgment has been unconditionally accepted by authorized representatives of plaintiffs and defendants.

15. The court retains jurisdiction to enforce this order.

Entered January 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge